# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

Fourth No: 12-1251
Docket No: 4:11cv111

## GARY M GRAY

Appellant,

vs.

## WITTSTADT TITLE & ESCROW COMPANY, LLC
## And MORRIS/HARDWICK/SCHNEIDER
## And ONE WEST BANK, FSB

Appellees.

On Appeal from the United States District Court for the
For the Eastern District of Virginia
Newport News Division

---

## REPLY BRIEF OF APPELLANT

---

GARY GRAY
6 Miles Cary Mews
Hampton, VA 23669
Tel: 757-251-0174
E-mail: gngassoc1@gmail.com
Appellant Pro Se

1

# TABLE OF CONTENTS

Page:

TABLE OF CONTENTS ………………………………………………..... 2

ARGUMENT ………………………………………………………….. 3

CONCLUSION …………………………………………………….... 4

CERTIFICATE OF SERVICE …………………………………………… 5

## ARGUMENT

A. "No Prejudicial Error Has Been Alleged Or Is Apparent With Respect TO Dismissal Of Count I Without Prejudice."

In an attempt to mislead this Court, Appellees Wittstadt Title & Escrow Company, LLC ("WTEC") and Morris Hardwick Schneider ("MHS") state that no prejudicial error has been alleged or is apparent with the dismissal of Appellants case from the District Court and that there is no legal basis for an appeal. Notwithstanding Appellant Gray's efforts, what remains clear is that the District Court erred in significant respects to the prejudice of the Appellant.

First, as stated in Appellants Informal brief (pages 5-16 & pg 18,¶ B), the District Court erred in dismissing the Appellants FDCPA claims in stating,

> *"... that Appellants factual allegations identify correspondence from Appellees WTEC and MHS on one date in June, to which he responded to with a request for debt verification. Although Plaintiff complains that Defendants WTEC and MHS other than failure to verify the debt to his satisfaction, he identifies no further actions of Defendants WTEC and MHS other than their failure to verify."*

Appellant did receive additional collection notices from the Appellees WTEC and MHS after the initial notice was sent, in addition, the Defendants failed to validate the debt as per their legal obligation and as stated in the Appellants Amended complaints in which the District Court seemed to ignore.

Second, even after Appellant Gray tried to Amend his complaint to "**restate**" the facts in which the District Court erred, the Court denied Appellants

3

Motion for Relief where he explains that the Court erred in their **"assumptions."** By in large the District Court was required to accepting the allegations as true, which would have enabled the Court to conclude that Appellant had alleged sufficient facts to proceed on his FDCPA claims against WTEC and MHS. By failing to do so, the District Court committed a clear error to the prejudice of the Appellant.

## CONCLUSION

For the reasons stated above and more fully expressed in the Informal Opening Briefing, Appellant respectfully requests that this Court enter an order reversing the decision of the District Court in dismissing Gray's complaint, allow the submission of Gray's Amended Complaint (ECF 34), and remand with instructions to the District Court to schedule the case for trial.

Respectfully submitted,

_____
Pro Se Appellant
GARY M. GRAY
c/o 6 Miles Cary Mews
Hampton, Virginia [23669]
757-251-0174
gngassoc1@gmail.com

## CERTIFICATE OF SERVICE

I certify that on ___7/14/12___ (date) I placed a true and exact copy of (REPLY BRIEF OF APPELLANT) into an envelope, sealed and sent via U.S. MAIL, First Class postage prepaid, addressed to:

Kevin R. Hildebeidel, Esq
Counsel for WTEC and MHS
22375 Broderick Drive, Suite 210
Dulles, Virginia 20166

MCGUIREWOODS LLP
Attn: Amy Miller
1750 Tyson Boulevard, Ste 1800
McLean, Virginia 22101

MCGUIREWOODS LLP
Attn: Anand Ramana
2001 K Street, NW
Suite 400
Washington, DC 20006

By: _____
        GARY M. GRAY